UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:
                  CASE NO. 09-21527
LAWRENCE FRUMUSA,

           Debtor.    DECISION & ORDER
_____

### BACKGROUND

On August 11, 2009, the Debtor, Lawrence Frumusa ("Frumusa"), acting *Pro Se* in the above-captioned case, filed: (1) a Notice of Appeal of this Court's August 7, 2009 Order Granting Motion to Convert Case to Chapter 7 (the "Conversion Order"); and (2) the attached Motion Requesting Stay Pending Appeal (the "Stay Motion").

Paragraph 17 of the Stay Motion indicates that "...the Debtor is requesting a stay of all actions from the 8-5-2009 hearing as the Debtor appeals."

On August 5, 2009, the Court: (1) made a number of rulings in three affiliated cases, Rising Tide Enterprise LLC, Maincliff Properties LLC and Lawrence Frumusa Land Development LLC (the "Affiliated Cases"); and (2) adjourned two Motions for Relief from the Automatic Stay in the above-captioned case. Notwithstanding the wording of Paragraph 17, this Court assumes that Frumusa is not requesting a stay of the rulings in the Affiliated Cases, since the Stay Motion is only made and captioned in the above-captioned case, and the adjournment of the two Motions for Relief from the Automatic Stay were adjourned to August 12, 2009, when a hearing

was held and they were further adjourned with Frumusa present in the courtroom and participating in the proceedings.

The Court also assumes that Frumusa is not requesting a stay of the Court's August 5, 2009 ruling granting the Motion of his former attorneys, Rattet, Pasternak and Gordon-Oliver, LLP, to withdraw as his attorneys in the above-captioned case, since: (1) the Motion was a default motion requiring that written opposition be filed prior to July 31, 2009, and Frumusa filed no such opposition; and (2) at the August 5, 2009 hearing, the movants indicated that the law firm had been formally terminated by Frumusa on July 27, 2009.

It does not appear that the Stay Motion was served upon any interested parties, including the United States Trustee (the "UST"), the recently appointed Chapter 7 trustee, Lee E. Woodard, Esq. (the "Trustee"), or Monroe Capital, Inc., which filed the "Motion to Convert" that was granted by the Conversion Order. Also, the Court notes that the Stay Motion does not request a hearing. However, since at the August 12, 2009 hearing on the two Motions for Relief from the Automatic Stay, Frumusa requested that the Stay Motion be decided immediately, and because the Court recognizes that the specific nature of the relief requested warrants immediate consideration, the Court has decided the Motion without a hearing.

**BK. 09-21527**

**DISCUSSION**

A request for a stay pending appeal is addressed to the sound discretion of the Court, and requires that the Court take into consideration the following four factors:

1. The likelihood that the party seeking the stay will prevail on appeal;

2. The prospect of irreparable injury to the moving party which might result without the stay;

3. The relative certainty that no substantial harm will come to other parties if the stay were issued; and

4. The relative absence of harm to the public interest if the stay were granted. *See Hirschfield v. Board of Elections,* 984 F.2d 35, 39 (2d Cir. 1993).

When each of these four factors are carefully considered and balanced, the relief requested by Frumusa must be denied.

This Court believes that there is <u>little likelihood that Frumusa can or will succeed on his appeal</u> of the Conversion Order, for the following reasons:

1. Frumusa did not file any formal written opposition to the Motion to Convert;
2. At the August 5, 2009 hearing on the Motion to Convert, the UST, the attorneys for Monroe Capital, Inc., the attorneys for the State Court appointed receiver of Webster Hospitality

**Page 3**

Development LLC, and the attorneys for one of the partners of Webster Hospitality Development LLC, placed upon the record numerous, serious and persuasive grounds under Section 1112(b)(4) that justified the Court, in its discretion, to find that good cause existed to convert Frumusa's Chapter 11 case to a Chapter 7 case, including that his actions in his prior individual case, initially filed in the Northern District of New York, and in the Affiliated Cases, clearly indicated that there could be substantial and irreparable harm to his creditors and other interested parties if Frumusa were left in control of his assets;

In Paragraph 16 of the Stay Motion, Frumusa asserts that, "[c]onversion of Debtor's case will have <u>irreparable damages</u> on Debtor assets," but he fails to in any way articulate what irreparable damages he believes may result. On the other hand, the Trustee, a member of the law firm of Harris Beach, LLP and an experienced bankruptcy and commercial attorney who has served as a Chapter 7 trustee for a substantial period of time, is in the process of taking control of Frumusa's assets, and the Court believes that he will properly preserve and administer them for the benefit of creditors, interested parties and Frumusa himself;

**BK. 09-21527**

As set forth above, at the August 5, 2009 hearing, the UST and other interested parties placed on the record numerous facts and circumstances establishing good cause for conversion, including the UST's concern that it was impossible to "follow the money" in this case and in the Affiliated Cases in which Frumusa was in control of the debtors, so that any stay pending appeal that would leave Frumusa in control of his assets could result in <u>substantial and irreparable harm to his creditors</u>; and

3. This Stay Motion does not raise questions of <u>public interest</u>.

### <u>CONCLUSION</u>

Based upon the foregoing, the Court, in its discretion, denies the Motion for a Stay Pending Appeal of the Conversion Order.

In view of the fact that Frumusa is proceeding *Pro Se*, the Court hereby advises him that he has a right to seek a stay in the United States District Court for the Western District of New York in connection with his appeal, but that he should notify all parties in interest should he elect to make such a request.

**IT IS SO ORDERED.**

/s/
**HON. JOHN C. NINFO, II**
**U.S. BANKRUPTCY JUDGE**

**Dated:** August 12, 2009



August 12, 2009

BANKRUPTCY COURT
ROCHESTER, NY

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK



Case No.: 09-21527-JCN

In re:  **Lawrence Frumusa,**    Chapter: 11

Debtor

## Motion requesting Stay Pending Appeal

Lawrence Frumusa (the "Debtor") respectfully submits this motion requesting Stay of action from the order entered by United State Bankruptcy Court Webster District of New York (Bankruptcy Court) August 7, 2009 "Order Granting Motion to Convert Case to Chapter 7" (document # 134) as follows:

1. Prior to the filing of this Chapter 11 case, the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the Northern District of New York on or about April 3, 2009.

2. The foregoing case was transferred to this Court on April 30, 2009, was assigned Case No. 09-21125 (the "First Chapter 11 Case").

3. Rattet Pasternak & Gordon-Oliver, LLP was retained by this office in connection with the First Chapter 11 Case on or about May 26, 2009.

4. The First Chapter 11 Case was dismissed on June 5, 2009 as a result of the Debtor's failure to complete mandatory credit counseling prior to April 30, 2009.

5. On June 5, 2009 (the "Filing Date"), with the assistance of Applicant, the Debtor filed a second voluntary petition for reorganization pursuant to the Code. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in possession pursuant to §§1107 and 1108 of the Code.

6. No Official Committee of Unsecured Creditors has been appointed. No trustee or examiner has been appointed.

7. The Debtor is, and has been for the past approximately thirty (30) years, a real estate manager and developer. The Debtor operates under his own name as an owner and developer as well as

by and through a number of entities in which he either holds majority or sole ownership interest.

8. Prior to the Filing Date, the Debtor informed Rattet Pasternak & Gordon-Oliver, LLP that he suffered financing and cash flow problems on several of his real estate development projects, which resulted in defaults to several lenders and various vendors and necessitated the filing of a Chapter 11 proceeding.

9. Since that time, Debtor and Legal team has worked diligently and tirelessly against a number of aggressive creditors in order to protect the rights of the Debtor and assist in his efforts to reorganize.

10. The Debtor is 100% owner of Lawrence Frumusa Land Development LLC. Which primary asset is a 30 million dollar apartment complex.

11. On July 20, 2009 without authorization Lawrence Frumusa Land Development LLC Chapter 11 case was converted to Chapter 7.

12. On July 27, 2009 Rattet Pasternak & Gordon-Oliver, LLP filled to be relieved from counsel of the Debtor.

13. On August 4, 2009 Debtor was incarcerated as a result of a Civil action, in direct violation of The Federal Automatic Stay granted to Debtors in Bankruptcy.

14. As a result of above, Debtor was not able to attend the hearing of 8-5-2009, In which significant decisions of the Debtors case were made without **Debtor's input or ever Debtor being present.**

15. As of July 20, 2009 Debtors has had effectively no legal representation. As demonstrated by allowing the Debtor to be incarcerated on a Civil charge, missing the 8-5-2009 Federal hearing. Such actions all in direct violation of The Automatic Stay granted to Debtors in Bankruptcy. All without any opposition Rattet Pasternak & Gordon-Oliver, LLP, in fact Rattet Pasternak & Gordon-Oliver, LLP did not even attempt to contact Debtor prior to 8-5-2009 hearing.

16. Conversion of Debtor's case will have irreparable damages on Debtor assets.

17. In conclusion and based on the above (Debtor not allowed to attend hearing, No legal representation and irreparable damages) the Debtor is requesting a stay of all actions from the 8-

5-2009 hearing as the Debtor appeals.

18. Debtor is acting *Pro-Se* as a result of Bankruptcy Court release of Debtor's legal team.

DATED: August 11, 2009   Respectfully submitted:

_____

**Lawrence Frumusa** acting *Pro-se*

STATE OF NEW YORK)
COUNTY OF MONROE) SS:

On the _11_ day of August in the year 2009, before me, the undersigned, personally appeared **Lawrence Frumusa**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his / her/their capacity(ies), in his(her/their) capacity and that by his(her/their) sign on the instrument, the individual(s), or the person upon behalf of which the individual acted, the instrument.

_____
Notary

MICHAEL J. BOWMAN
Notary Public, State of New York
Qualified in Monroe County
My Commission Expires _11/20/12_