**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

In re:

LAWRENCE FRUMUSA,

CASE NO. 09-21527

                                    Debtor.          DECISION & ORDER
_____

## BACKGROUND

On June 5, 2009, Lawrence Frumusa ("Frumusa"), best described as a real estate developer, filed a petition initiating a Chapter 11 case (the "Frumusa Bankruptcy Case").

On July 15, 2009, a creditor in the Frumusa Bankruptcy Case, Monroe Capital, Inc. ("Monroe"), filed a Motion to Convert Pursuant to Section 1112(b), or for the Appointment of a Trustee Pursuant to Section 1104(a) (the "Motion to Convert or Appoint a Trustee"), which indicated that Frumusa's actions constituted cause: (1) for the conversion of the Frumusa Bankruptcy Case from Chapter 11 to Chapter 7 under Section 1112(b)(4), based upon gross mismanagement of the estate; and (2) for the appointment of a Chapter 11 trustee under Section 1104(a)(1), based upon fraud, dishonesty, incompetence, and/or gross mismanagement of his affairs. The United States Trustee's Office (the "UST") and other interested parties filed responses in support of the Motion.

On August 5, 2009, the Court held a hearing on the Motion to Convert or Appoint a Trustee, at which the UST and several parties in interest made statements in support of the Motion. The Court

granted the Motion and entered an Order, dated August 7, 2009, converting the Frumusa Bankruptcy Case to a case under Chapter 7, (the "Conversion Order").[1]

On August 7, 2009, Lee E. Woodard, Esq. was appointed as the Chapter 7 Trustee ("Trustee Woodard") for the Frumusa Bankruptcy Case.

On January 15, 2010, this Court issued a Decision & Order (the "January 2010 Bankruptcy Court Sanctions Order") in the Frumusa Bankruptcy Case, and in several related bankruptcy cases where the debtor was a business in which Frumusa held an ownership interest that:[2] (1) denied numerous motions made by Frumusa in these cases,

---

[1] On August 11, 2009, in the Frumusa Bankruptcy Case, Frumusa filed a Notice of Appeal of the Conversion Order (the "Conversion Order Appeal") and a Motion Requesting Stay Pending Appeal ("Motion for Stay Pending Appeal") with respect to the Conversion Order. Frumusa did not serve the Motion nor request a hearing. Frumusa appeared before the Court for a hearing on other motions in the Frumusa Bankruptcy Case on August 12, 2010, and requested an immediate decision on the Motion Requesting Stay Pending Appeal. On August 12, 2009, the Court entered a Decision & Order denying the Motion. In Frumusa's appeal of the Conversion Order to the United States District Court for the Western District of New York (the "District Court"), the following documents were entered in the Conversion Order Appeal: (1) a Decision & Order, dated September 22, 2009, by District Court Judge Charles J. Siragusa ("Judge Siragusa"), denying Frumusa's Motion for Stay Pending Appeal that Frumusa had filed in the District Court; (2) a Decision & Order, dated October 16, 2009 by Judge Siragusa, wherein the Court: (a) denied Frumusa's Motion to Reconsider the District Court's denial of his Motion for Stay Pending Appeal; and (b) dismissed the Conversion Order Appeal based upon procedural deficiencies by Frumusa, but the Court stated that it would have affirmed the Conversion Order on the merits; and (3) a Mandate, dated June 9, 2010, entered by the United States Court of Appeals for the Second Circuit (the "Court of Appeals"), upon Frumusa's appeal to the Court of Appeals of the dismissal of the Conversion Order Appeal, dismissing the appeal as having been untimely filed.

[2] The Bankruptcy Court Sanctions Order was entered in the Frumusa Bankruptcy Case, as well as the following cases: (1) Rising Tide Enterprises LLC; (2) Maincliff Properties LLC; and (3) Lawrence Frumusa Land Development LLC (the "Frumusa Land Development Case") (were collectively, the "Frumusa Business Cases"). Each of the Frumusa Business Cases filed as a Chapter 11 case on

including, in Frumusa Land Development, a Motion Pursuant to Rule 9011 to Impose Sanctions on Trustee Arnold, Trustee Woodard, and Mr. Paul Adams and Mr. Robert Morgan, who were associated with Monroe, and Monroe's attorney, Jeffrey Dove, Esq.; and (2) with respect to the Frumusa Bankruptcy Case, ordered that Frumusa, in his individual capacity, was not permitted to file any sanctions motion, or application, affidavit or adversary proceeding seeking sanctions, against anyone or any entity, and that only Trustee Woodard would be permitted to file such a pleading.

On April 13, 2010, Frumusa filed a Complaint (the "District Court Complaint") in the District Court against the Hon. John C. Ninfo, II ("Judge Ninfo"), Trustee Woodard and other defendants,[3] which: (1) was comprised of a lengthy history of the Frumusa Bankruptcy Case and Frumusa Business Cases, including: (a) the conversion of these cases from Chapter 11 to Chapter 7; (b) the Bankruptcy Court Sanctions Order; and (c) Trustee Woodard and Trustee Arnold's actions as the Chapter 7 trustees of the Frumusa Bankruptcy Case and the Frumusa Business Cases, respectively; (2) stated four causes of action under 42 U.S.C. §§ 1983, 1985, 1986

---

April 3, 2009 and converted to a Chapter 7 case on July 20, 2009, whereupon Michael H. Arnold ("Trustee Arnold") was appointed as the Chapter 7 Trustee.

[3] Frumusa also filed the Complaint against: (1) Trustee Arnold; (2) Mr. Paul Adams and Mr. Robert Morgan; (3) Assistant United States Trustee Kathleen Dunivan Schmitt; and (4) Judge Siragusa and U.S. Bankruptcy Judge Michael J. Kaplan, as "witness[es] and potential defendant[s]."

and 1988 for deprivation and interference with Frumusa's civil rights; and (3) sought remedies for these causes of action that included enjoining the defendants, and all persons acting in association with them, from taking any action with respect to any bankruptcy cases involving Frumusa.

On June 2, 2010, District Court Judge David G. Larimer ("Judge Larimer") entered an Order that dismissed the District Court Complaint and directed Frumusa to file an affidavit and show cause why he should not be sanctioned for filing duplicative motions and actions and ignoring the procedures and rules of the District Court and the Court of Appeals.

On June 8, 2010, Frumusa filed an Answer to the June 2, 2010 District Court Order and Fourth Affidavit in Support of Ex-parte Emergency Motion for Temporary Restraining Order, which: (1) requested that Judge Larimer's June 2, 2010 Order be immediately vacated; and (2) stated that should the District Court continue to ignore Frumusa, the District Court's non-action would demonstrate an invalidation of the right of the District Court to conduct judicial hearings until a review by the U.S. Department of Justice.

On June 30, 2010, Judge Larimer issued a Decision & Order (the "June 2010 District Court Injunctive Order") that: (1) listed thirteen instances in the prior year where Frumusa had filed appeals of Bankruptcy Court decisions in the District Court, which

were late or not perfected, or which were interlocutory and perfected without permission of the Court; and (2) sanctioned Frumusa for his frivolous, duplicative and contemptuous filings by enjoining him from filing any new actions whatsoever in the District Court without obtaining prior approval of the District Court.

On August 23, 2010, Frumusa filed a Summons and Complaint (the "Onondaga Complaint") in the Supreme Court, County of Onondaga, New York (the "Onondaga Supreme Court") against Trustee Woodard, Harris Beach, LLP, the law firm where Trustee Woodard is a Member, as well as three other attorneys associated with Harris Beach, Christopher Jagel ("Jagel"), David Capriotti ("Capriotti") and Kevin Tompsett ("Tompsett") (collectively, the "Defendants"), as well as "John Doe 1-10," (the "Onondaga Case"), which: (1) alleged three causes of action against the Defendants: (a) for actual fraud in obtaining Trustee Woodard's appointment as the Trustee in the Frumusa Bankruptcy Case, consisting of: (i) the false representation by Trustee Woodard, conveyed to Frumusa by an email from Tompsett, that Trustee Woodard was covered by a blanket Chapter 7 Trustee bond in the Frumusa Bankruptcy Case; (ii) Trustee Woodard's failure to reject the appointment as the Trustee in the Frumusa Bankruptcy Case, despite the existence of conflicts of interest that disqualified him from serving as the Trustee in the

Frumusa Bankruptcy Case; and (iii) the drafting of the Order, signed by the Court on August 26, 2009, which appointed Trustee Woodard as the Trustee in the Frumusa Bankruptcy Case, and stated that Trustee Woodard had no adverse interest to the estate, and that no notice was required to creditors of Trustee Woodard's application to be appointed as Trustee in the Frumusa Bankruptcy case; (b) for tortious interference with Frumusa's business, based upon the Defendants' actions, taken without authority from Frumusa, which were through an "Actor," under a plan initiated sometime prior to August 7, 2009 to damage Frumusa, and caused damage to his bankruptcy proceedings and business relationships; and (c) for conspiracy to commit fraud, by working through an "Actor" on their behalf, in a plan initiated prior to August 7, 2008,[4] by intentionally misrepresenting material facts; and (2) sought relief, including: (a) that the Defendants be enjoined from taking any action with respect to Frumusa's bankruptcy cases or Frumusa's companies not in bankruptcy; (b) a judgment for $11,969,826.00; and (c) punitive damages.

On September 24, 2010, the Onondaga Supreme Court received an Order to Show Cause from Frumusa, dated August 23, 2010, seeking a temporary restraining order with respect to the relief sought by

---

[4] Frumusa likely intended for the date to be "2009," as with the prior cause of action, even though he indicated "2008" in the Onondaga Complaint.

him in the Onondaga Complaint (the "Onondaga Order to Show Cause").

On September 24, 2010, Frumusa filed a Notice of Lis Pendens against the real property owned by Trustee Woodard, Jaegel, Capriotti and Tompsett.

On September 27, 2010, a conference was held in the Onondaga Supreme Court, where the Court: (1) denied the Onondaga Order to Show Cause to the extent that it sought a temporary restraining order; (2) directed Frumusa to cancel the Notices of Lis Pendens by September 29, 2010; and (3) scheduled an Order to Show Cause for a further hearing on October 27, 2010.

On October 14, 2010, the Defendants filed a Notice of Removal of the Onondaga Case from Onondaga Supreme Court to the United States District Court, Northern District of New York (the "Northern District").

On October 18, 2010, the Northern District entered a Decision & Order transferring the Onondaga Case from the Northern District to the District Court.

On October 21, 2010, the Defendants filed a Response to Plaintiff's Order to Show Cause for Permanent Injunction and in Support of Defendants' Motion to Dismiss with Sanctions (the "Motion to Dismiss"), which requested that: (1) pursuant to Federal Rule of Civil Procedure (F.R.C.P.) 12(b)(6), the Onondaga Complaint be dismissed, based upon: (a) Frumusa's failure to state

a claim upon which relief could be granted; (b) Frumusa's failure to plead sufficient factual allegations as required by F.R.C.P. 8(a); (c) Frumusa's failure to plead fraud with particularity, as required by F.R.C.P. 9(b); and (d) collateral estoppel; and (2) the Court sanction Frumusa so that Frumusa would be: (a) barred from filing any actions against the Defendants in any Federal or State court; and (b) enjoined from filing any further Notices of Appeal from either the Bankruptcy Court or the District Court without obtaining prior permission from the appeal Court.

In the Motion to Dismiss, the Defendants stated that the Onondaga Complaint must be dismissed because: (1) Frumusa had filed the Complaint in an attempt to circumvent the June 2010 District Court Injunctive Order that prevented him from filing any new actions in the District Court without obtaining the prior approval of the District Court; (2) on August 11, 2009, Trustee Woodard had filed an Application to Appoint Harris Beach as Counsel to Trustee (the "First Application to Appoint Harris Beach"), along with an Affidavit in Support by Trustee Woodard, which: (a) disclosed Harris Beach's potential conflicts of interest; (b) was not opposed by Frumusa, who was served with the First Application; and (c) was approved by the Bankruptcy Court through an Order dated August 26, 2009; (3) on March 26, 2010 and March 29, 2010, Frumusa filed, respectively, a Motion and Amended Motion to Remove Trustee

Woodard for Cause (collectively, the "Motion to Remove Woodard"), which had no merit, based upon the following: (a) the Motion asserted that Trustee Woodard and Harris Beach had conflicts of interest in acting as the Trustee and counsel to the Trustee in the Frumusa Bankruptcy Case, based upon: (i) their representation of entities identified by Harris Beach and Trustee Woodard in the First Application to Appoint Harris Beach, which already had been granted by the Court; and (ii) Harris Beach's representation of other individuals who were current and/or former clients of Harris Beach and who had prior business dealings with Frumusa, however, these individuals were neither listed as creditors nor were parties in interest in the Frumusa Bankruptcy Case; (b) Trustee Woodard had not illegally seized and transferred Frumusa's property in violation of his fiduciary duty to the Frumusa Bankruptcy Estate, as alleged by Frumusa; (c) on April 2, 2010, Trustee Woodard filed an Objection to the Motion to Remove Woodard, which denied the substantive allegations of the Motion; (d) on April 7, 2010, the Bankruptcy Court held a hearing on the Motion to Remove Woodard, wherein the Court denied the Motion and stated that there was no fraud committed by Trustee Woodard, nor any actual conflict of interest with creditors in the Frumusa Bankruptcy Case; (4) on April 12, 2010, the Court entered an Order denying the Motion, which Frumusa did not appeal, so that Frumusa was collaterally

estopped from litigating the same issues in the Onondaga Complaint; (5) in two additional bankruptcy cases of business entities owned by Frumusa that were consolidated with the Frumusa Bankruptcy Case: (a) on July 22, 2010 Trustee Woodard filed an Application to Appoint Harris Beach as Counsel to Trustee Woodard (the "Second Application to Appoint Harris Beach"), wherein Trustee Woodard disclosed Harris Beach's potential conflicts of interest that had been previously identified in the First Application to Appoint Harris Beach; (b) Frumusa filed two Affidavits in Opposition to the Second Application that repeated the assertions he previously made in opposition to the First Application, and Trustee Woodard filed a Reply in Support of the Second Application, which noted that Frumusa had also filed a grievance against Trustee Woodard with the Grievance Committee for the New York State Fifth Judicial District that was found to be without merit; (c) the Bankruptcy Court determined that Harris Beach had no conflict of interest with the Frumusa Bankruptcy Estate, and entered an Order, dated October 14, 2010, appointing Harris Beach as counsel to Trustee Woodard; and (d) Frumusa filed a Notice of Appeal of this Order, which was rejected by the District Court based upon Frumusa's failure to comply with the June 2010 District Court Injunctive Order; and (6) Frumusa had demonstrated in his Onondaga Order to Show Cause, which

contained as an attachment, a Rider to Trustee Bond, that Trustee Woodard was covered by the bond.

On October 27, 2010, Judge Larimer entered a Motion Scheduling Order & Notice to Pro Se Plaintiff, which: (1) set forth deadlines for Frumusa to file any materials in opposition to the Defendants' Motion to Dismiss and for the Defendants to file any reply thereto; and (2) indicated that upon the Defendants' request, the District Court would not hold a hearing on the Motion to Dismiss, but would decide the Motion based upon the papers submitted.

On November 30, 2010, Frumusa filed an Affidavit Identifying Response Location (the "Frumusa Response"), which indicated that Frumusa previously filed a response to Defendants' Motion to Dismiss in the District Court Action.[5]

On December 10, 2010, the Defendants filed a Reply in Further Support of the Motion to Dismiss, which contested Frumusa's assertions in the Frumusa Response and Motion to Reconsider by stating that: (1) in the Motion to Reconsider, Frumusa had

---

[5] Although Frumusa did not specifically identify the document in the District Court Action to which he was referring, the Court notes that on the same day that Frumusa filed the Response in the instant action, November 30, 2010, Frumusa filed in the District Court Action an Emergency Motion to Reconsider the District Court Injunctive Order and Request that the Court Cease Infringing on Plaintiff's Civil Liberties (the "Motion to Reconsider") that contained similar allegations against the Defendants as the Onondaga Complaint. Accordingly, it appears that in his Response, Frumusa was referring to his Motion to Reconsider. On December 10, 2010, in the District Court Action, Trustee Woodard filed a Response to the Motion for Reconsideration. On December 10, 2010, in the District Court Action, Judge Larimer entered an Order denying the Motion for Reconsideration.

asserted that Harris Beach had the same conflicts of interests that Frumusa previously raised in his Motion to Remove Trustee Woodard and Opposition to Harris Beach's First and Second Applications to Appoint Harris Beach, which the Court had found meritless; and (2) in the Motion to Reconsider, Frumusa made false accusations against another attorney from Harris Beach, demonstrating that he intended to harass any attorney from Harris Beach that appeared in the District Court Action.

On April 5, 2011, Frumusa filed an Adversary Proceeding in the Frumusa Bankruptcy Case, which: (1) was filed against many of the same defendants against whom Frumusa filed the District Court Complaint that resulted in the June 2010 District Court Injunctive Order, including, Judge Ninfo, Trustee Arnold and Trustee Woodard (the "Adversary Proceeding Complaint");[6] (2) included many of the same assertions by Frumusa that were contained in the Onondaga Complaint, District Court Complaint, Motion to Remove Trustee Woodard, and other pleadings filed by Frumusa in the Frumusa Bankruptcy Case and other bankruptcy cases, which had previously been determined by the respective Courts to be without merit; (3) was dismissed, with prejudice as to all defendants, pursuant to an Order dated April 27, 2011, by Judge Kaplan; and (4) resulted in

---

[6] Frumusa also filed the Adversary Proceeding Complaint against Assistant United States Trustee Kathleen Dunivan Schmitt, Mr. Robert Morgan, Mr. Paul Adams, Jeffrey Dove, Esq., and the Department of Justice, Executive Office of the UST.

Judge Kaplan entering an Injunctive Order dated May 3, 2011 (the "Bankruptcy Court Injunctive Order") that: (a) enjoined Frumusa from filing in the United States Bankruptcy Court for the Western District of New York (the "Western District Bankruptcy Court"), any document that seeks any relief against anyone who has any direct or indirect connection with his various bankruptcy cases, unless he is granted permission to file such document by a Bankruptcy Judge in the Western District Bankruptcy Court; and (b) ordered that to the extent that it is determined by Judge Kaplan, upon an *ex parte* application, that Frumusa has manipulated the ordinary processes of the Western District Bankruptcy Court, or of any other Court, in violation of the Bankruptcy Court Injunctive Order, then a money judgment shall be entered against Frumusa of $1,000.00 per person or entity from whom relief is sought from Frumusa.

On May 25, 2011, the District Court entered an Order referring the instant action concerning the Onondaga Complaint to this Court pursuant to 28 U.S.C. 157(a).[7]

---

[7] The Court is also aware that on August 1, 2011, the Judge Thomas M. VanStrydonck ("Judge VanStrydonck") issued an Order dismissing a complaint (the "State Court Sanctions Order") brought by Frumusa against numerous defendants, including Mr. Robert Morgan and Mr. Paul Adams, that: (1) enjoined Frumusa from commencing future actions or proceedings in the New York State Courts without prior judicial approval; (2) enjoined Frumusa from filing in the New York State Courts or the offices of the respective County Clerks any document that seeks any form of relief against any person or entity, unless Frumusa is represented by an attorney admitted to practice in New York State, who signs such document, or Frumusa first obtains leave from the Administrative Judge of the Judicial District within which he seeks to file the document, along with proof that he cannot afford an attorney; (3) deemed any document filed by Frumusa in violation of the Order to be a nullity; and (4) indicated that Judge VanStrydonck would retain jurisdiction over any contempt proceedings arising from Frumusa's failure to comply.

## DISCUSSION

### I. The Bankruptcy Court Sanctions Order and District Court Injunctive Order

The Court notes that Frumusa's filing of the Onondaga Complaint was a transparent attempt to circumvent: (1) the January 2010 Bankruptcy Court Sanctions Order, wherein Frumusa was prohibited in the Frumusa Bankruptcy Case from filing any sanctions motion, or application, affidavit or adversary proceeding seeking sanctions, against anyone or any entity, with such authority vested only with Trustee Woodard; and (2) the June 2010 District Court Injunctive Order, wherein Frumusa was prohibited from filing any action in the District Court without first obtaining prior approval from the District Court.

While this Court is unable to dismiss the Onondaga Complaint on the sole basis that Frumusa violated the spirit, if not the actual provisions of the January 2010 Bankruptcy Court Sanctions Order and June 2010 District Court Injunctive Order, it is apparent to the Court from its review of Frumusa's filing of numerous motions, pleadings in opposition to applications, and complaints in various courts, including the Onondaga Complaint, all seeking substantially the same relief against Trustee Woodard and/or Harris Beach, the firm employed to represent Trustee Woodard in the Frumusa Bankruptcy Case and related cases, that such filings are completely without merit, and are sanctionable under Rule 9011.

Page 14

BK. 09-21527

**The Motion to Dismiss**

In the Motion to Dismiss, the Defendants seek dismissal of the Onondaga Complaint: (1) under F.R.C.P. 12(b)(6), for Frumusa's failure to state a claim upon which relief can be granted; (2) under F.R.C.P. 8(a), which requires that "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief..." for Frumusa's failure to plead sufficient factual allegations; and (3) specifically, with respect to Frumusa's allegation of fraud, they asserted that: (a) Frumusa is precluded by the doctrine of collateral estoppel from asserting the same claims against the Defendants, including Trustee Woodard, for fraud that were previously asserted by Frumusa and found to be without merit by the Bankruptcy Court; and (b) Frumusa failed to plead fraud with specificity under F.R.C.P. 9(b), which states that: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

F.R.C.P. 12(b)(6) authorizes the Court to dismiss a complaint that fails to allege a claim for which relief may be granted. In deciding such a motion, "the Court must construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Rodenhouse v. Palmyra-Macedon Cent. Sch. Dist., 2008 WL

**Page 15**

2331314, at *2 (W.D.N.Y. June 3, 2008). Such a motion "may not be granted so long as the complaint includes 'enough facts to state a claim to relief that is plausible on its face.'" Malay v. City of Syracuse, 638 F. Supp. 2d 303, 309 (N.D.N.Y. 2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In order to sufficiently state a claim, the pleading must contain enough factual allegations to give the defendant fair notice of what the claim is and the grounds upon which it rests, and cannot consist merely of bald assertions and conclusory allegations unsupported by factual assertions. See Nash v. McGinnis, 585 F. Supp. 2d 455, 458 (W.D.N.Y. 2008); Rodenhouse, 2008 WL 2331314, at *2.

The Motion to Dismiss is hereby granted for the following reasons:

(1) Frumusa is collaterally estopped from asserting in the Onondaga Complaint that the Defendants committed actual fraud, consisting of having an actual conflict of interest or adverse interest with respect to the Frumusa Bankruptcy Case, because these assertions: (a) are identical to those made by Frumusa with respect to the First and Second Applications to Employ Harris Beach as well as the Motion to Remove Trustee Woodard; (b) were fully and

fairly litigated, and decided by Bankruptcy Court, when the Court granted the First and Second Applications and denied the Motion to Remove Trustee Woodard; (c) were specifically decided by the Court when the Court determined that no actual conflict of interest or adverse interest existed with respect to the estate; and (d) this determination was a necessary basis for the Court granting the Applications and denying the Motion;

(2) even if Frumusa is not collaterally estopped from asserting that Trustee Woodard and the Defendants committed actual fraud, consisting of an actual conflict on interest or adverse interest with respect to the Frumusa Bankruptcy Case, the Court determines that Frumusa's cause of action for fraud, based upon the Defendants' conflict of interest or adverse interest, must be dismissed under F.R.C.P. 12(b)(6), 8(a) and 9(b) because: (a) Frumusa has failed in the Onondaga Complaint or Frumusa Response to assert facts that state a claim for relief for fraud based on these allegations that is plausible on its face; and (b) Frumusa's allegations of fraud are unsupported, conclusory assertions which do not permit the Court to draw a reasonable inference that the Defendants are liable for fraud;

(3) Frumusa's cause of action for actual fraud based upon the Defendants: (a) obtaining the appointment of Trustee Woodard in the Frumusa Bankruptcy Case; and (b) failing to reject the appointment, because Trustee Woodard was not covered by the

**Page 17**

Trustee's bond for the Frumusa Bankruptcy Case, must be dismissed under F.R.C.P. 12(b)(6), 8(a) and 9(b), because this cause of action is based merely on bald assertions and conclusory allegations that were demonstrated to be incorrect, based upon Frumusa's Onondaga Order to Show Cause, which contains, as an attachment, the Rider that states that Trustee Woodard was covered by the Chapter 7 Blanket Bond issued by Liberty Mutual Insurance Company;

(4) Frumusa's cause of action for tortious interference with Frumusa's business does not state adequate legal grounds for relief, or contain sufficient facts to state a claim for relief, but rather consists solely of unsupported, bald assertions and conclusory allegations, including that: (a) the Defendants, working through an "Actor," conducted actions in furtherance of a common design and plan to damage Frumusa, that was initiated sometime prior to August 7, 2009, and continues to the present, however, Frumusa failed in any way to state or demonstrate any facts showing the existence of such a common design or plan; and (b) the Defendants affected Frumusa's contracts and business relationships, yet Frumusa did not identify any particular contract or business that was affected, or business advantage that was gained;

(5) Frumusa's cause of action for conspiracy to commit fraud must be dismissed under F.R.C.P. 12(b)(6), 8(a) and 9(b) because

**Page 18**

it: (a) does not state adequate legal grounds for relief; (b) provides no specific allegations of fraud other than the actual fraud alleged in Frumusa's first cause of action, which pursuant to this Decision & Order, must be dismissed; and (b) repeats the unsupported, conclusory assertions made by Frumusa in his other causes of action, including that the Defendants acted in furtherance of a common design or plan, without supporting facts that state a claim for relief that is plausible on its face;

(6) the Onondaga Complaint is comprised of outlandish and vague assertions that are unsupported by facts, including that: (a) Frumusa suffered from numerous actions taken by a "Criminal Enterprise," but Frumusa fails to identify the "Criminal Enterprise;" and (b) Frumusa has suffered emotional distress such that he understands the trauma felt by Jewish People in Nazi Germany;

(7) the Onondaga Complaint fails to state facts against the Defendants from which a reasonable inference could be drawn that the Defendants are liable for the causes of actions asserted by Frumusa, as follows: (a) with respect to Trustee Woodard, the Complaint contains: (i) assertions of specific conduct that constitutes fraud against Trustee Woodard, but for the reasons stated in this Decision & Order, Frumusa's claims for fraud must be dismissed; and (ii) assertions of specific conduct that are conclusory and unsupported by factual allegations, including that

**Page 19**

Trustee Woodard abused his authority and executed a scheme to trap Frumusa when the U.S. Marshals' retrieved Frumusa from his home and brought him to a Section 341(a) Meeting of Creditors, when such authority was expressly granted by the Bankruptcy Court, after Frumusa's numerous failures to appear for the Meeting of Creditors; (b) with respect to Capriotti, the Complaint solely states his county of residence and nothing else; (c) with respect to Tompsett, the Complaint solely states that he sent an email to Frumusa that Trustee Woodard was covered by a bond, however, the Court has determined in this Decision & Order that Frumusa's claim with respect to the bond must be dismissed; and (d) with respect to Jaegel, the Complaint solely states that he has refused, despite Frumusa's requests, to provide proof of professional liability insurance coverage for Harris Beach, yet Frumusa does not identify the authority for such a request nor the relevance to his causes of action;

(8) as to the defendants, "John Doe 1-10, inclusive," the Complaint solely states that they are intentionally or negligently responsible in some way, but Frumusa fails to identify any facts whatsoever with respect to them, and how they may relate, if at all to the Complaint, Frumusa or the Defendants, so that the Court hereby also dismisses the Onondaga Complaint as to these defendants, even though the Motion to Dismiss was not brought on their behalf;

**Page 20**

(9) the Frumusa Response and Motion to Reconsider: (a) consist merely of conclusory allegations unsupported by facts; and (b) the Court notes that the Motion to Reconsider, referred to in the Response, in support of the Onondaga Complaint and in opposition to the Motion to Dismiss, was denied by the District Court;

(10) from this Court's knowledge of the facts and circumstances of the Onondaga Action, the Frumusa Bankruptcy Case, the Frumusa Business Cases and other bankruptcy cases for entities in which Frumusa held a membership interest, and having drawn all reasonable inferences from Onondaga Complaint in favor of Frumusa, this Court determines that the Complaint does not contain sufficient facts to state a claim for relief that is plausible on its face, or that complies with F.R.C.P. 12(b)(6), 8(a) and 9(b).

### III. The Request for Sanctions and Injunctive Relief in the Motion to Dismiss

Upon the Defendants' request for sanctions and injunctive relief in their Motion to Dismiss, the Court hereby: (1) denies the request for injunctive relief because the combination of the January 2010 Bankruptcy Court Sanctions Order, Bankruptcy Court Injunctive Order, June 2010 District Court Injunctive Order, and State Court Injunctive Order provide an adequate deterrence to Frumusa filing additional requests for relief against the Defendants; (2) adopts the Bankruptcy Court Injunctive Order in its

**Page 21**

entirety and extends it so that any *ex parte* relief sought by a party for an asserted violation of the Bankruptcy Court Injunctive Order may also be brought before this Court; and (3) grants the Defendants' request for monetary sanctions under Rule 9011 to the extent that Frumusa is obligated to pay to the Defendants attorney's fees and costs incurred in the defense of Onondaga Complaint, for which the Defendants are hereby directed to make a separate *ex parte* application to the Court.

## CONCLUSION

The Motion to Dismiss the Onondaga Complaint is granted: (1) in accordance with this Decision & Order, with prejudice against the Defendants and the John Doe defendants; and (2) Frumusa is hereby ordered to pay the Defendants' attorney's fees and costs incurred in defense of the Onondaga Complaint.

**IT IS SO ORDERED.**

_____/s/_____
**HON. JOHN C. NINFO, II**
**U.S. BANKRUPTCY JUDGE**

**Dated: September 21, 2011**

**Page 22**